(128 App. Div. 135.)

## ERSFELD v. EXNER et al.

(Supreme Court, Appellate Division, Second Department.   October 16, 1908.)

CORPORATIONS — STOCK—ISSUANCE WITHOUT CONSIDERATION—REMEDY OF SUBSEQUENT PURCHASER.

> Though stock of a corporation is issued without consideration, in violation of Stock Corporation Law (Laws 1892, p. 1835, c. 688) § 42, neither the directors issuing it, nor the person to whom it is issued, on his subsequently selling it, is liable to the purchaser, merely because the stock was so issued, while on its face it purported to be regularly issued stock; but while for any injury to the corporation, and incidentally to such purchaser, from such unauthorized issue, an action may lie for the benefit of the corporation, the purchaser has only his common-law remedy against his seller for fraud and deceit.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 459, 539–546.]

Woodward and Miller, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Frederick W. Ersfeld against Paul J. Exner and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Jeremiah J. Coughlan, for appellant.
Edward J. Krug, Jr., for respondent Exner.
George M. Mackellar, for respondents Ast and Hale.

HOOKER, J.   This action is to recover the face value of 66 shares of the stock of the Pacific Street Hygeia Ice Company, whose par value is $100 each, on the theory that the stock was actually issued by the corporation to the plaintiff's assignor of the stock without any equivalent having been received by the corporation.   The defendant Exner was the plaintiff's assignor of this stock.   The complaint was dismissed upon the pleadings and the plaintiff's opening.

The facts as they developed are that, while the three defendants were the sole stockholders, directors, and officers of the corporation, they caused the corporation to issue to themselves 160 shares of stock of the corporation "for which the said company received no consideration whatever, either in services performed for or property or money turned over to said corporation."   Sixty-six of these shares the plaintiff later bought of the defendant Exner.   Plaintiff's counsel stated in his opening:

"We are now suing to recover the par value of those 66 shares of stock, on the ground that they were absolutely worthless, were issued in defiance of the law, and were issued without any consideration whatever."

112 N.Y.S.—36

He also stated:

"We rely entirely upon the representation, contained on the face of the certificate, that it was properly issued stock. We have another suit for false representations at common law. This is an attempt to rely entirely on the face of the certificate.

"The Court: This is the only representation you claim, is it?

"Mr. Tuttle: That is the only one.

"The Court: I don't think you have any cause of action."

And the motion to dismiss was granted.

It is true that section 42 of the Stock Corporation Law (Laws 1892, p. 1835, c. 688) provides that no corporation shall issue either stock or bonds, except for money, labor done, or property actually received for the use and lawful purpose of such corporation; but nothing in the act contained declares that the stock itself is void where it is issued without such consideration, or that the directors issuing the stock, or a vendor of the particular stock, is liable to a subsequent holder thereof for a violation of the provision of the act. If the corporation itself, and incidentally the plaintiff, has suffered by such unauthorized issue, a proper action doubtless lies for the benefit of the whole corporation; but here the plaintiff sues in his individual capacity.

Again, the plaintiff probably has his common-law remedy against his vendor for fraud and deceit; and in fact it appears from the record that such an action is actually pending and undetermined. But the complaint in this case not only falls far short of setting forth such a cause of action, but plaintiff's counsel distinctly disavowed that this was such a case.

The judgment should be affirmed, with costs. All concur, except WOODWARD and MILLER, JJ., who dissent.